**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50001 |
| Plaintiff - Appellee, | 14-50002 |
| v. | D.C. Nos. 2:07-cr-00249-ABC |
| | 2:07-cr-00219-ABC |
| RAFFI ARSHAK DONOYAN, a.k.a. Hamo Arakina, a.k.a. Sam Arsenian, a.k.a. Rafael Donovan, a.k.a. Ralph Donovan, a.k.a. Rasmik Gasparian, a.k.a. Seal A, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted December 9, 2014**

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

In these consolidated appeals, Raffi Arshak Donoyan appeals from the

district court's judgments and challenges the revocation of supervised release. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Donoyan contends that the district court abused its discretion by revoking his supervised release based on the finding that he violated Central District of California General Order 01-05. This contention is unpersuasive. General Order 01-05 required Donoyan to maintain "one personal checking account" and to disclose records of "all other bank accounts, including any business accounts." The record amply supports the district court's conclusion that Donoyan's Bank of America account was a business account that he was required to report. *See* 18 U.S.C. § 3583(e)(3); *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). Accordingly, the district court did not abuse its discretion by revoking Donoyan's supervised release based on his failure to disclose the account. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Further, we decline to require the district court to apply the rule of lenity. *See United States v. Bland*, 961 F.2d 123, 128 (9th Cir. 1992) ("The rule of lenity does not permit us to create an ambiguity where none exists.").

**AFFIRMED.**